FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAR 10 PM 3: 43

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIG INSURANCE COMPANY, AS SUCCESSOR TO INTERNATIONAL SURPLUS LINES INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, U.S. FIRE INSURANCE COMPANY | CIVIL ACTION<br><br>No. 05-0179 |
| v. | |
| EAGLE, INC. & THE GRAY INSURANCE COMPANY | SECTION "N"(2)<br>JUDGE ENGELHARDT<br>MAG. JUDGE WILKINSON |

**DEFENDANT, THE GRAY INSURANCE COMPANY'S, MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND RULE 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

NOW INTO COURT, through undersigned counsel, comes Defendant, the Gray Insurance Company ("Gray"), who respectfully requests that this Honorable Court dismiss Plaintiffs', TIG Insurance Company, et al. ("Plaintiffs"), declaratory judgment action against Gray as (1) Plaintiffs have failed to state a claim against Gray upon which relief may be granted under 28 U.S.C. § 2201, or otherwise, and, as such, (2) the Court lacks subject matter jurisdiction over Plaintiffs' claims against Gray. The sole controversy at issue in this case is the nature and extent of Plaintiffs' obligations to Defendant, Eagle, Inc. ("Eagle"). Plaintiffs are Eagle's primary and excess insurers. Plaintiffs have incorrectly referred to Gray as Eagle's "excess insurer." Gray's obligation, if any under the policy referenced, is to Eagle, not to Plaintiffs.

{N1260380.1}  1

Even if one were to assume that Plaintiffs' incorrect designation of Gray as Eagle's excess insurer is true for purposes of this Motion, Gray's only obligation, if any, would be to Eagle, not to Plaintiffs. Likewise, based on the allegations of Plaintiffs' Complaint, Plaintiffs have no reciprocal obligation to Gray. As such, it is clear that Plaintiffs have failed to state a claim against Gray under 28 U.S.C. § 2201, or otherwise. For these same reasons, the Court lacks subject matter jurisdiction of Plaintiffs' assertions against Gray because there is no case or controversy at issue between Plaintiffs and Gray as required by Article III, section 2 of the United States Constitution and 28 U.S.C. § 1332. Accordingly, Plaintiffs also lack standing to seek adjudication of the issues presented

Therefore, Gray respectfully requests this Court grant its motion to dismiss and dismiss with prejudice Plaintiffs' declaratory judgment action insofar as it pertains to Gray.

Respectfully submitted,

_____
EDWARD J. KOEHL JR. #7805
L. ETIENNE BALART #24951
JONES, WALKER, WAECHTER, POITEVENT
 CARRÈRE & DENÈGRE, L.L.P.
201 St. Charles Avenue - 47th Floor
New Orleans, Louisiana 70170-5100
Tel: 504.582.8176  Fax 504.582.8015
Attorneys for The Gray Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record by hand, fax or by depositing same in the U.S. mail, postage prepaid and properly addressed this 10th day of March 2005.

_____

{N1260380.1}

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIG INSURANCE COMPANY, AS SUCCESSOR TO INTERNATIONAL SURPLUS LINES INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, U.S. FIRE INSURANCE COMPANY | CIVIL ACTION<br><br>No. 05-0179 |
| v. | |
| EAGLE, INC. & THE GRAY INSURANCE COMPANY | SECTION "N"(2)<br>JUDGE ENGELHARDT<br>MAG. JUDGE WILKINSON |

## MEMORANDUM IN SUPPORT OF DEFENDANT, THE GRAY INSURANCE COMPANY'S, MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) AND 12(B)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE

MAY IT PLEASE THE COURT:

Gray respectfully requests that this Honorable Court dismiss Plaintiffs' declaratory judgment action against it because (1) Plaintiffs have failed to state a claim against Gray upon which relief can be granted and, as such, (2) this Court lacks subject matter jurisdiction to adjudicate Plaintiffs' assertions. Even assuming that all the facts set forth in Plaintiffs' Complaint are true, Plaintiffs have failed to establish that they have any claim against Gray upon which relief can be granted. Stated otherwise, there is no case or controversy between Plaintiffs

and Gray and Plaintiffs have no standing to seek adjudication of a contract to which they are not a party. Accordingly, there is no case or controversy between Plaintiffs on the one hand and Gray on the other; dismissal is warranted under Rule 12(b)(6) and Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## BRIEF STATEMENT OF PERTINENT FACTS

Eagle has been named in multiple lawsuits filed by multiple personal injury claimants who seek damages for bodily injury allegedly caused by exposure to asbestos from asbestos-containing materials allegedly sold, distributed and/or installed by Eagle. Plaintiffs herein are Eagle's primary and excess insurers who have issued several policies to Eagle which provide layers of coverage to Eagle for claims such as those brought by the personal injury claimants.

Plaintiffs filed suit against Eagle and Gray on January 21, 2005. (Rec. Doc. 1). In Plaintiffs' Complaint, they allege the limits of their various policies have been exhausted and that, therefore, they are not obligated to pay any defense or indemnity costs to Eagle. *Id.* They allege that Gray, incorrectly referred to as Eagle's excess insurer, is obligated to pay these costs. *Id.* They seek a declaration from the court that (1) Plaintiffs' policy limits have been exhausted; (2) the Plaintiffs do not have any obligation to pay Eagle's defense or indemnity costs; and (3) Gray may not refuse to pay Eagle's defense and indemnity costs. *Id.*

Notably absent from Plaintiffs' Complaint is any allegation that Gray owes any contractual performance or legal duty directly to them, or vice versa, or facts which would support such allegations. (Rec. Doc 1). Instead, Plaintiffs allege only that Gray owes a contractual performance to Eagle as Eagle's excess insurer. *Id.* As such, Plaintiffs have blatantly failed to state a claim against Gray upon which relief can be granted.

# LAW AND ANALYSIS

First, Plaintiffs' assertions against Gray are subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Second, this Court lacks subject matter jurisdiction over Plaintiffs' assertions under Rule 12(b)(1).

## I.  Dismissal Pursuant To Rule 12(B)(6)

### A.  Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. PROC. 8(a)(2). To satisfy this requirement, the statement must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002) (internal citations omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 416 (2002) (the elements of the plaintiff's claim[s] "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant").

Given this simplified notice pleading, courts, in considering Rule 12(b)(6) motions, must liberally construe the complaint in favor of the plaintiff and take all well-pleaded facts in the complaint as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). "All questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001).

A Rule 12(b)(6) Motion to Dismiss should be granted "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" in the complaint. *Swierkiewicz*, 534 U.S. at 514; *see also Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999) ("dismissal will not be affirmed if the allegations support relief") (internal citations omitted))." The question therefore is whether the plaintiff's complaint states a valid claim for relief. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 246-47 (5th Cir. 1997).

Additionally, because Plaintiffs have brought their claims in a declaratory judgment action, they must show that their case presents a justiciable "case or controversy". 28 U.S.C. § 2201. In order for a plaintiff's claim to present a justiciable "case or controversy", he must assert his own legal rights and interests. *Warth v. Seldin,* 422 U.S. 490, 499 (1975). This requirement is referred to as "standing" and is an integral part of the "case or controversy" requirement. *Id.* Accordingly, if a plaintiff lacks standing, he has failed to state a valid claim for relief under 28 U.S.C. § 2201, or otherwise. *See id.*

**B.     Analysis**

The court should grant Gray's Motion to Dismiss because Plaintiffs have failed to allege a valid claim for relief against it. Instead, Plaintiffs, incorrectly referring to Gray as Eagle's excess insurer, have improperly added Gray as a party to a contract dispute purely between Plaintiffs and Eagle.

Louisiana law clearly recognizes that an insurer not in privity has no claim against another insurer. In *Tufaro v. Stanley Bishop Real Estate, Inc.,* 422 So.2d 220 (La.App. 4th Cir. 1982), an insurer was sued by a third party. The insurer filed a third party demand against another insurer, alleging that insurer provided coverage for the claim and seeking contribution or indemnity. The third-party defendant/insurer filed an exception of no cause of action which the trial court granted, dismissing the third party demand. The court of appeal affirmed, citing the fact that the third party plaintiff had no subrogation rights nor could it seek contribution. *Id.* at 221-22. The court also affirmed on the basis that the insurers were not solidary obligors, as each insurer contracted independently with the insured to provide coverage. *Id.* at 222.

In this case, Plaintiffs and Gray are not solidary obligors to Eagle, as each insurer contracted separately with Eagle. This distinction is clearly recognized in Louisiana. *See generally,* William S. McKenzie and H. Alston Johnson, 15 LOUISIANA CIVIL LAW TREATISE:

INSURANCE LAW & PRACTICE § 231 (2d ed. 1996). Accordingly, Plaintiffs have no claim against Gray and cannot assert any cause of action against Gray.

Furthermore, Gray is not a party to the contracts between Plaintiffs and Eagle, nor is it obligated to render any contractual performance under these contracts. Plaintiffs have not made any allegations to the contrary. (Rec. Doc. 1). Gray's policy was issued solely to Eagle. Plaintiffs are not parties to this policy, are not named as beneficiaries in this policy, and are not obligated to render any contractual performance under this policy. Plaintiffs have not made any allegations to the contrary. *Id.*

The first basis of relief sought by Plaintiffs is a declaration that their policies issued to Eagle are exhausted. That is an issue solely to be decided between Plaintiffs, as the issuer of the policies, and Eagle. Gray has no stake in the policies issued by Plaintiffs to Eagle, and its involvement in this litigation for the purposes of determining that issue is not necessary.

Plaintiffs' second area of requested relief is a for declaration that Plaintiffs do not have an obligation to pay Eagle's defense or indemnity costs in the asbestos litigation. Again, this is an issue to be decided solely between Plaintiffs -- or the issuer of the policies -- and Eagle, the insured. Gray's participation in the declaratory judgment issues is neither required nor warranted.

Finally, Plaintiffs seek a declaration that Gray "may not refuse" to pay Eagle's defense and indemnity. With all due respect, Plaintiffs cannot state a claim for relief based upon a contract to which they were neither a party nor a beneficiary. While Plaintiffs seek adjudication of the policy existing between Gray and Eagle, it is axiomatic that a party cannot seek construction of a contract to which it is not a party, absent some status as a third-party beneficiary.

Under Louisiana law, an enforceable contractual obligation is formed only when: (1) the parties to that contract have legal capacity to contract; (2) the unvitiated consent of the parties to that contract to impose upon themselves the obligations of that contract is established through offer and acceptance; (3) the contract has a lawful cause; and (4) the contract has a lawful, possible, and determined or determinable object. LA. CIVIL CODE ANN. art. 1918 (West 1987); LA. CIVIL CODE ANN. art. 1927 (West 1987); LA. CIVIL CODE ANN. arts. 1948-1964 (West 1987); LA. CIVIL CODE ANN. art. 1966 (West 1987); LA. CIVIL CODE ANN. art. 1971 (West 1987). In this case, neither Plaintiffs nor Gray ever consented to impose upon themselves any obligation owed to the other. More importantly, Plaintiffs have not alleged anything to the contrary in their Complaint. (Rec. Doc. 1).

Moreover, while it is true that Louisiana recognizes that "[a] contracting party may stipulate a benefit for a third person called a third party beneficiary," Gray's insurance policy does not inure to Plaintiffs' benefit nor does it require Plaintiffs to render any performance. LA. CIVIL CODE ANN. art. 1978 (West 1987). Plaintiffs have not alleged any facts on which they could sustain a claim that they are beneficiaries of the Gray policy. (Rec. Doc. 1). In this same regard, Plaintiffs' policy does not inure to Gray's benefit nor does it require Gray to render any performance. LA. CIVIL CODE ANN. art. 1978 (West 1987). Again, Plaintiffs have not alleged anything to the contrary, (Rec. Doc. 1), and the Motion to Dismiss should be granted.

Because Plaintiffs have failed to allege any facts which would support a finding that either Gray or they are contractually obligated to the other in any way, Plaintiffs have failed to state a claim against Gray upon which relief may be granted. Additionally, because Plaintiffs have not shown that they have standing to bring these claims, there is no justiciable case or controversy presented in this dispute.

## II. This Court Lacks Subject Matter Jurisdiction, Rule 12(b)(1)

The United States Constitution provides the power for federal courts to adjudicate certain matters. UNITED STATES CONST. Art. III, sec. 2. Most importantly, the United States Constitution provides that federal courts may only hear cases and controversies. *Id.* The requirement that a federal court may only adjudicate cases or controversies is necessarily reiterated in the jurisdictional statutes, lest they be unconstitutionally overbroad. *See, e.g.,* 28 U.S.C. § 1332. The diversity jurisdiction statute specifically provides that the jurisdiction of a United States District Court to hear a case based on diversity is limited to "controvers[ies]". *Id.*

In order for a plaintiff to show that he has a case or controversy, as an initial matter, he must assert his own legal rights and interests. *Warth v. Seldin,* 422 U.S. 490, 499 (1975). This requirement is referred to as "standing" and is an integral part of Article III's "case or controversy" requirement. *Id.* As aforementioned, if a plaintiff lacks standing, he has failed to state a valid claim for relief. *See id.* Moreover, the court lacks subject matter jurisdiction over a claim of a plaintiff without standing. UNITED STATES CONST. Art. III, sec. 2; 28 U.S.C. § 1332. While the declaratory judgment statute is not a jurisdictional statute, it too incorporates the constitutional requirement that, in order for a party's declaratory judgment action to be justiciable, the party's claim for relief must present an actual case or controversy, lest the court's adjudication be an advisory opinion. 28 U.S.C. § 2201. Because Plaintiffs failed to state a valid claim for relief, this Court lacks subject matter jurisdiction over the claim against Gray.

## CONCLUSION

The only justiciable dispute presented by Plaintiffs' declaratory judgment action is the contractual dispute between Plaintiffs and Eagle. Gray has no privity of contract with Plaintiffs. Gray is not obligated to Plaintiffs, nor does it derive a benefit enforceable against Plaintiffs from any contract to which it is a party. Likewise, Plaintiffs are not obligated to Gray; nor do they

derive a benefit enforceable against Gray from any contract to which they are a party. Therefore, Gray respectfully requests this Honorable Court dismiss with prejudice Plaintiffs' declaratory judgment action insofar as it pertains to Gray.

Respectfully submitted,

*Edward J Koehl*

EDWARD J. KOEHL JR. #7805
L. ETIENNE BALART #24951
JONES, WALKER, WAECHTER, POITEVENT
 CARRÈRE & DENÈGRE, L.L.P.
201 St. Charles Avenue - 47th Floor
New Orleans, Louisiana 70170-5100
Tel: 504.582.8176  Fax 504.582.8015
Attorneys for The Gray Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record by hand, fax or by depositing same in the U.S. mail, postage prepaid and properly addressed this 10th day of March 2005.

*Edward J Koehl*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIG INSURANCE COMPANY, AS SUCCESSOR TO INTERNATIONAL SURPLUS LINES INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, U.S. FIRE INSURANCE COMPANY | CIVIL ACTION<br><br>No. 05-0179 |
| v. | |
| EAGLE, INC. & THE GRAY INSURANCE COMPANY | SECTION "N"(2)<br>JUDGE ENGELHARDT<br>MAG. JUDGE WILKINSON |

## NOTICE OF HEARING

TO: Stephen H. Kupperman Esq.
Barrasso Usdin Kupperman Freeman and Sarver LLC
909 Poydras Street
New Orleans, LA 70112

Wm. Shelby McKenzie Esq.
Taylor, Porter, Brooks & Phillips LLP
451 Florida Boulevard - 8th Floor
P. O. Drawer 2471
Baton Rouge, LA 70821

PLEASE TAKE NOTICE that The Gray Insurance Company ("Gray") will bring on for hearing its Motion to Dismiss Pursuant to Rule 12(b)(6) and Rule 12(b)(1) of the Federal Rules of Civil Procedure on March 30, 2005, at 9:30 a.m. before the Honorable Kurt Engelhardt or as soon thereafter as counsel may be heard.

*Edward J Koehl*

EDWARD J. KOEHL JR. #7805
L. ETIENNE BALART #24951
JONES, WALKER, WAECHTER, POITEVENT
 CARRÈRE & DENÈGRE, L.L.P.
201 St. Charles Avenue - 47th Floor
New Orleans, Louisiana 70170-5100
Tel: 504.582.8176  Fax 504.582.8015
Attorneys for The Gray Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record by hand, fax or by depositing same in the U.S. mail, postage prepaid and properly addressed this 10th day of March 2005.

*Edward J Koehl*