FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUN -8 PM 2:04

LORETTA G. WHYTE
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NORTH RIVER INSURANCE COMPANY, U.S. FIRE INSURANCE COMPANY, TIG INSURANCE COMPANY, AS SUCCESSOR TO INTERNATIONAL SURPLUS LINES INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> EAGLE, INC. <br><br> THE GRAY INSURANCE COMPANY <br><br> Defendants. | CIVIL ACTION NO. 05-0179 <br><br> SECTION: (N)(2) <br><br> JUDGE ENGLEHARDT |

**PLAINTIFFS' REPLY TO DEFENDANT THE GRAY INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED AND SUPPLEMENTAL COMPLAINT**

Plaintiffs North River Insurance Company, U.S. Fire Insurance Company, and TIG Insurance Company, as successor by merger to International Insurance Company as successor to International Surplus Lines Insurance Company (collectively, "Plaintiffs"), pursuant to Local Rule 7.6 and Rule 15(a) of the Federal Rules of Civil Procedure, submit this Reply (the "Reply") in opposition to defendant The Gray Insurance Company's Response in Opposition to Plaintiffs' Motion for Leave to File Amended and Supplemental Complaint (the "Response").

The sole issue currently before the Court is whether Plaintiffs' Amended and Supplemental Complaint (the "Amended Complaint") is properly filed under Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a) specifically provides that a plaintiff may amend his



complaint once as a matter of right against any defendant who has not filed a responsive pleading. Defendant The Gray Insurance Company ("Gray") has not filed a responsive pleading. Therefore, the Amended Complaint was properly filed, and the Court should direct defendants Eagle, Inc. ("Eagle") and Gray to answer, move, or otherwise plead by a date certain.

The Response does not reference the applicable language of Rule 15(a) that applies under the present circumstances or mention controlling Fifth Circuit case law. Instead, Gray cites (but does not discuss) other language contained in Rule 15 that does not apply under the present circumstances, and devotes the remainder of its Response to asserting a motion to dismiss argument which, aside from lacking merit, should be made in a Rule 12(b) motion, not an opposition to a motion to amend a complaint.

Plaintiffs respectfully request that the Court acknowledge that the Amended Complaint is filed and order defendant Eagle and Gray to file their respective responses by a date certain. If Gray decides to file a 12(b) motion to dismiss, Plaintiffs will respond accordingly.

## FACTUAL BACKGROUND

On January 21, 2005, Plaintiffs filed their original complaint against Eagle and Gray. In response, defendant Eagle timely filed an answer and counterclaim. In contrast, defendant Gray filed a motion to dismiss under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. The Court granted Gray's motion and dismissed Plaintiffs' original complaint as to Gray without prejudice.

On April 15, 2005, Plaintiffs filed the Amended Complaint.[1] Prior to that filing, Plaintiffs obtained the written consent of Eagle to file the Amended Complaint. On May 3, 2005, Gray, whose consent is not required under Rule 15(a), filed an opposition to prevent the filing of the Amended Complaint.

## ARGUMENT

I. THE AMENDED COMPLAINT WAS PROPERLY FILED PURSUANT TO RULE 15(A) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Rule 15(a) states, in relevant part, that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." Fed.R.Civ.P. 15(a). A "responsive pleading" as used in Rule 15(a) means the pleadings denoted as such under Rule 7(a) of the Federal Rules of Civil Procedure. *See Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 910 (5th Cir. 1993) (citing 6 Wright & Miller, *Federal Practice & Procedure*, § 1475 (1990)). A 12(b) motion to dismiss is *not* a responsive pleading under Rule 15(a). *See id. See also Barksdale v. King*, 699 F.2d 744, 747 (5th Cir. 1983) (stating that "a motion to dismiss is not a 'responsive pleading'" under Rule 15(a)) (quoting *McGruder v. Phelps*, 608 F.2d 1023, 1025 (5th Cir. 1979)). Because Gray filed a motion to dismiss in response to Plaintiffs' original complaint, Gray has not filed a responsive pleading. In contrast, Eagle has filed an answer and counterclaim, both of which are "pleadings" under Rule 7(a).

In this Circuit, when, as is the case here, one defendant (here, Eagle) has filed a responsive pleading to an original complaint and the other defendant (here, Gray) has not, a plaintiff has the right to amend the complaint once against the latter defendant without that

---

[1] While Plaintiffs interpret Rule 15(a) to authorize the filing of the Amended Complaint without the necessity of court approval, Plaintiffs complied with the requirements of the Clerk's office by filing the Motion to Amend.

defendant's consent. *See, e.g., Barksdale*, 699 F.2d at 746-747 (under Rule 15(a), "the general rule is that when some but not all defendants have answered plaintiffs may amend as a matter of course claims asserted solely against the non-answering defendants").

Plaintiffs obtained the written consent of Eagle (*i.e.* the defendant who has filed a responsive pleading) to file the Amended Complaint before it was filed. As discussed above, Gray's consent under Rule 15(a) is not required because Gray has not filed a responsive pleading. Accordingly, the Amended Complaint is properly filed and the Court should order Eagle and Gray to answer, move, or otherwise plead.

## II.    GRAY'S PROCEDURAL ARGUMENT IS MERITLESS

Gray's contention that the Amended Complaint does not satisfy Rule 15(a) wholly lacks merit. Gray purports to rely upon language contained in Rule 15(a) stating that a party cannot amend a pleading absent "leave of court or by written consent of the adverse party . . . ." *See* Gray Resp. at p. 2. However, Gray neglects to cite the controlling language of Rule 15(a), which states that a party "may amend the party's pleading ***once as a matter of course*** at any time before a responsive pleading is served." *Id.* (emphasis added). The excerpt quoted by Gray plainly does not apply here because Gray has not filed a responsive pleading.

Gray also omits any reference to the *Barksdale* decision, which is binding precedent. Instead, Gray cites (but does not discuss) several decisions for the proposition that leave to amend is not automatic. *See* Gray's Resp. at p. 2. These decisions are completely inapposite. In *Goldstein*,[2] a plaintiff, who had previously filed a 110-page amended complaint sought leave to file a <u>second</u> amended complaint which, under Rule 15(a), required leave of court or the

---

[2] *Goldstein v. MCI Worldcom*, 340 F.3d 238 (5th Cir. 2003).

defendant's consent. Unlike plaintiffs in *Goldstein*, the Amended Complaint is Plaintiffs' *first* amendment to their original complaint and, therefore, Plaintiffs do not need to seek leave of court or Gray's consent. "A party may amend the party's pleading *once* as a matter of course at any time before a responsive pleading is served .... Otherwise a party may amend the party's pleading only be leave of court or by written consent of the adverse party ...." F.R.C.P. 15(a) (emphasis added). Gray's Response does not acknowledge this crucial distinction.

The *Robinson*[3] decision is also distinguishable because in that case the plaintiff was required to seek leave of court or the defendant's consent under Rule 15(a) due to the fact that defendant <u>had filed a responsive pleading</u> to plaintiff's original complaint. *See Robinson*, 686 F.2d at 304 (stating that "under Fed.R.Civ.P. 15, amendment can be made *after responsive pleadings have been filed* "only by leave of the court or by written consent of the adverse party") (emphasis added). Thus, *Robinson* does not apply here because (i) Eagle, the defendant who filed a responsive pleading, has consented in writing to Plaintiffs' filing the Amended Complaint, and (ii) Gray's consent is not required because it has not filed a responsive pleading.

The remaining cases cited by Gray simply hold that a deadline in which to file amended pleadings contained in a scheduling order issued pursuant to Rule 16 of the Federal Rules of Civil Procedure trumps the timing requirements under Rule 15. *See S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). The Court has not entered a scheduling order in this case. Consequently, these decisions are completely irrelevant.

---

[3] *Robinson v. Wade*, 686 F.2d 298 (5th Cir. 1982).

### III. GRAY'S NON-PROCEDURAL ARGUMENT SHOULD BE DISREGARDED

Although styled as an opposition to Plaintiffs' "Motion for Leave to File Amended and Supplemental Complaint," Gray devotes the bulk of its Response to arguing that Plaintiffs' subrogation claim against Gray fails to state a claim upon which relief can be granted. *See, e.g.*, Gray Resp. at p. 4-5 ("Plaintiffs have still not stated a claim for relief against Gray.... [I]t is clear that the Court does not have subject matter jurisdiction..."). In doing so, Gray impermissibly asserts an argument that should be made (if at all) as part of a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure.[4] As discussed above, pursuant to Rule 15(a), Plaintiffs are entitled to amend their complaint once as a matter of course as to Gray and with the obtained written consent of Eagle. Therefore, the Court need only rule that the Amended Complaint is filed. If Gray wishes to file a motion to dismiss pursuant to Rule 12(b), it can do so, and Plaintiffs will respond at the proper time.

### IV. GRAY'S NON-PROCEDURAL ARGUMENT IS MERITLESS

Even if the Court considers Gray's "motion to dismiss" argument at this juncture, the argument wholly lacks merit. Plaintiffs' subrogation claim seeks to recover from Gray certain amounts that Plaintiffs paid under the insurance policies that Plaintiffs issued to Eagle (collectively, "Plaintiffs' Policies") after those policies' applicable limits had exhausted (collectively, the "Overpayment Amount"). Gray should have paid the Overpayment Amount under the insurance policy that Gray issued to Eagle (the "Gray Policy") because the Gray Policy insures Eagle after the Plaintiffs' Policies' limits exhausted.

---

[4] Rule 12(h)(2) states that a defense of failure to state a claim upon which relief can be granted is properly made "in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." F.R.C.P. 12(h)(2). Gray's Response does not fall under any of the pleadings included in Rule 7(a). Therefore, Gray's "failure to state a claim" argument is not properly asserted in its Response.

The Plaintiffs' Policies contain a subrogation clause, which provides that upon the payment by Plaintiffs of loss under the Plaintiffs' Policies, Plaintiffs are subrogated to Eagle's rights to the extent of any such payment. *See* Amend. Compl. ¶ 21. This clause subrogates Plaintiffs to Eagle's rights under the Gray Policy and therefore entitles Plaintiffs to seek to recover the Overpayment Amount from Gray under the Gray Policy. *See, e.g., Rocha v. Landry*, 615 So.2d 995, 996 (La. Ct. App. 1993) (holding that one insurer whose policy contained a subrogation clause was entitled to seek to recover payments that it made under that policy via a subrogation claim from another insurance whose policy was responsible for paying the loss in question). Gray does not even mention the *Landry* decision.

Gray contends that because Plaintiffs paid the Overpayment Amount (*i.e.* defense and indemnification costs associated with claims asserted against Eagle after the Plaintiffs' Policies' limits had exhausted), Plaintiffs somehow cannot recover this amount from Gray under the Plaintiffs' Policies' subrogation clause because, according to Gray, the payments were not made under the Plaintiffs' Policies. *See* Gray Resp. at 4. This argument is rather ridiculous. Plaintiffs made these payments because Gray disputes that the Policies' limits have exhausted and refuses to pay under the Gray Policy any defense or indemnification costs associated with suits asserted against Eagle.

When, as is the case here, there is a dispute between insurer A (here, Plaintiffs) and insurer B (here, Gray) as to which of their respective policies is responsible for paying a particular claim, and insurer A ultimately pays the claim, there is nothing that precludes insurer A from seeking to recover that payment from non-paying insurer B pursuant to a subrogation clause contained in insurer A's policy. *See generally American Continental Ins. Co. v. PHICO*

*Ins. Co.*, 512 S.E.2d 490 (N.C. Ct. App. 1999), *aff'd*, 351 N.C. 45 (1999) (holding that when there was a dispute between American Insurance Company and PHICO Insurance Company regarding which of their respective policies covered an insurance claim and American paid the claim because PHICO refused to do so, nothing precluded American from seeking to recover that payment from PHICO via subrogation); *State Farm Mut. Auto Ins. Co. v. Northwestern Nat'l Ins. Co.*, 912 P.2d 983, 986 (Utah 1996) (same).[5] This rule ensures that policyholder's claims are paid promptly even when there is a disagreement between insurers as to which of them is responsible for paying the claim. One insurer may pay the claim to protect its policyholder and thereafter seek to recover the payment from the non-paying insurer via a subrogation clause in the paying insurer's policy. Gray does not cite any statute, rule, or decision to the contrary.

## V.     GRAY'S NON-PROCEDURAL ARGUMENT IS ALSO MOOT

In its Response, Gray quotes Article 1827 of the Louisiana Civil Code, which provides, in relevant part, that an "an obligee who receives performance from a third party may subrogate that person to the rights of the obligee." *See* Gray's Resp. at 4. In order to avoid any doubt on the matter, Eagle (*i.e.* the "obligee") has subrogated Plaintiffs (*i.e.* the "third parties" who paid the Overpayment Amount on Eagle's behalf) to Eagle's rights to seek to recover the Overpayment Amounts from Gray under the Gray Policy pursuant to a written subrogation agreement (the "Subrogation Agreement"). *See* Declaration of Russell Mosely ¶ 2, Ex. A.[6] The Subrogation Agreement provides yet another basis on which Plaintiffs are entitled to seek to recover the Overpayment Amounts from Gray under the Gray Policy. *See* Subrogation Agreement, Ex. 1 of Ex. A.

---

[5] For the Court's convenience, Plaintiffs have attached to this Reply copies of these decisions.
[6] Plaintiffs provided Gray's counsel a copy of the Subrogation Agreement. *See* Mosely Decl. ¶ 3.

- 8 -

## CONCLUSION

For the reasons discussed above, Plaintiffs request that the Court (a) rule that the Amended Complaint is filed, and (b) order defendants Eagle and Gray to answer, move or otherwise plead by a date certain.

    Respectfully submitted,

    */s/ Russell J. Mosely*
    W. Shelby McKenzie (#10020)
    Russell L. Mosely (#28165)
    Taylor, Porter, Brooks & Phillips, L.L.P.
    Bank One Centre, 8th Floor, 451 Florida Street,
    P.O. Box 2471
    Baton Rouge, Louisiana 70821
    Telephone: 225-387-3221
    Fax: 225-346-8045

    <u>Of Counsel</u>

    Harry Lee
    March D. Coleman
    STEPTOE & JOHNSON, LLP
    1330 Connecticut Avenue, NW
    Washington, DC 20036
    202.429.3000
    202.429.3902 (fax)
    *Counsel for U.S. Fire Insurance Company, North River Insurance Company, and TIG Insurance Company, as successor to International Surplus Lines Insurance Company.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs' Notice of Filing Amended and Supplemental Complaint has been forwarded to all counsel of record by facsimile and U.S. mail, postage prepaid, this 6th day of June 2005.

_____
Russell L. Mosely

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NORTH RIVER INSURANCE COMPANY, )<br>U.S. FIRE INSURANCE COMPANY, )<br>TIG INSURANCE COMPANY, AS )<br>SUCCESSOR TO INTERNATIONAL )<br>SURPLUS LINES INSURANCE COMPANY, )<br>)<br>         Plaintiffs, )<br>)<br>v. )<br>)<br>EAGLE, INC. )<br>)<br>THE GRAY INSURANCE COMPANY )<br>)<br>         Defendants. )<br>_____ ) | CIVIL ACTION NO. 05-0179<br><br>SECTION: (N)(2)<br><br>JUDGE ENGLEHARDT |

## DECLARATION OF RUSSELL L. MOSELY

I, Russell L. Mosely, declare as follows:

1. I am one of the attorneys in this case who represents plaintiffs North River Insurance Company, U.S. Fire Insurance Company, and TIG Insurance Company, as successor in interest to International Surplus Lines Insurance Company (collectively, "Plaintiffs").

2. Attached hereto as Exhibit 1 is a true and correct copy of a subrogation agreement (the "Subrogation Agreement") executed by counsel for defendant Eagle, Inc. and Plaintiffs' counsel.

3. On June 6, 2005, I faxed and e-mailed a copy of the Subrogation Agreement to Edward Koehl and Etienne Balart, who are counsel for defendant The Gray Insurance Company.



I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  June 6, 2005

_____
Russell L. Mosely

## SUBROGATION AGREEMENT

WHEREAS, North River Insurance Company, U.S. Fire Insurance Company, and TIG Insurance Company, as successor by merger to International Insurance Company as successor in interest to International Surplus Lines Insurance Company (collectively, "TIG") issued to Eagle, Inc. ("Eagle") certain insurance policies covering the time period June 30, 1984 through May 23, 1985 (collectively, the "TIG Policies").

WHEREAS, The Gray Insurance Company ("Gray") issued Eagle an insurance policy that also covers the time period June 30, 1984 through May 23, 1985 (collectively, the "Gray Policy").

WHEREAS, TIG contends that (i) it has paid defense costs and indemnification costs associated with asbestos-related suits asserted against Eagle under the TIG Policies' "aggregate coverage," (ii) certain of these costs were paid after the TIG Policies' "aggregate coverage" limits had exhausted because Gray refused to pay these costs under the Gray Policy (the "TIG overpayment"), and (iii) the Gray Policy is responsible for paying the TIG overpayment.

On this 6th day of June, 2005, IT IS AGREED that, in consideration of TIG's release of Eagle from any obligation to reimburse TIG for the alleged TIG overpayment, Eagle hereby subrogates TIG to all of whatever rights, if any, Eagle has to recover the amount of the TIG overpayment from Gray.

Eagle's execution of this agreement is not intended to be nor shall it be construed as an admission or as evidence that the TIG Policies have "aggregate coverage" limits, or as an admission or as evidence that the TIG Policies' "aggregate coverage" limits, if any, are exhausted. In addition, for purposes of this Agreement, Eagle takes no position with respect to any of the issues listed in the final "WHEREAS" clause set forth above, but reserves all rights as to them.

Eagle and TIG have executed this Agreement as of June 6, 2005, and the undersigned represent that they are authorized to execute and deliver this Agreement on behalf of the respective Parties.

EAGLE (AS DEFINED ABOVE)
By its attorneys,

Stephen H. Kupperman
Edward R. Wicker, Jr.
Barrasso Usdin Kupperman Freeman
& Sarver LLC
909 Poydras Street, Suite 1800
New Orleans, LA 70112

TIG (AS DEFINED ABOVE)
By its attorneys,

W. Shelby McKenzie
Russell L. Mosely
Taylor, Porter, Brooks & Phillips, L.L.P.
Bank One Centre, 8th Floor
451 Florida Street
Baton Rouge, LA 70821

EXHIBIT
1 of Exhibit A