UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIG INSURANCE COMPANY, ET AL | CIVIL ACTION |
| VERSUS | NO. 05-179 |
| EAGLE, INC., ET AL | SECTION "N" (2) |

### ORDER AND REASONS

Before the Court is the Motion to Dismiss filed by defendant The Gray Insurance Company. (Rec. Doc. No. 11). For the reasons that follow, the defendant's motion is DENIED.

### I. BACKGROUND

This is a suit for declaratory judgment instituted on January 21, 2005, by TIG Insurance Company, as successor to International Surplus Lines Insurance Company, North River Insurance Company and U.S. Fire Insurance Company (collectively "TIG/North River") against Eagle, Inc. ("Eagle") and The Gray Insurance Company ("Gray"). *See generally* Complaint (Rec. Doc. No. 1). In their Complaint, plaintiffs have asked the Court to resolve a coverage dispute concerning certain policies of insurance issued by plaintiffs to Eagle,[1] and also issued by Gray to Eagle,[2] and the respective obligations, if any, owed to the insured Eagle relative to several lawsuits

---

[1] The policies issued by TIG/North River to Eagle are identified by the following policy numbers: XS-5966; XS-5967; XSI-9538; XSI-9539; XSI-9540; XSI-9541; and XSI-9543. *See* Complaint, ¶ 11.

[2] The policy issued by Gray to Eagle is identified as Policy Number GA-10111. *See* Complaint, ¶ 12.

filed against Eagle seeking damages for personal injury allegedly sustained as a result of exposure to asbestos caused by asbestos-containing materials distributed and/or installed by Eagle. *See id.* According to plaintiffs, this Court has subject matter jurisdiction over the controversy pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the jurisdictional amount, and complete diversity exists between the plaintiffs (all non-Louisiana corporations) and Eagle (a Louisiana corporation) and Gray (a Louisiana corporation). *Id.*, ¶¶ 2-8.

On March 10, 2005, defendant Gray filed a motion to dismiss TIG/North River's claims against it. (Rec. Doc. No. 6). In support of its motion, Gray argued that plaintiffs had failed to state a claim against Gray as there existed no contractual privity between the two parties; and further that subject matter jurisdiction was lacking as there was no case or controversy. On March 30, 2005, for reasons orally given, the Court granted Gray's motion without prejudice. (Rec. Doc. No. 13).

Subsequently, plaintiffs sought leave to file a Supplemental and Amended Complaint. (Rec. Doc. No. 17). In the Supplemental and Amended Complaint, TIG/North River again sought a declaratory judgment concerning the scope and extent of the rights and obligations of plaintiffs, Eagle and Gray under the TIG/North River policies and the Gray policy relative to defense and/or indemnity costs, if any, due Eagle, and an "Overpayment Amount" allegedly paid by plaintiffs on Eagle's behalf. (Rec. Doc. No. 36). On June 9, 2005, the plaintiffs' motion for leave was granted as unopposed.[3] (Rec. Doc. No. 35).

In the meantime, Eagle answered the original complaint and asserted a counterclaim

---

[3] Gray originally opposed plaintiffs' motion for leave, but later withdrew its opposition, while reserving any substantive objections it may have to plaintiffs' First Supplemental and Amended Complaint. (Rec. Doc. No. 35).

against TIG/North River and the cross-claim against Gray which is the subject of the instant motion to dismiss.  *See* Affirmative Defenses, Answer, Counterclaim and Crossclaim (Rec. Doc. No. 4). Through its cross-claim (as well as its counterclaim), Eagle prays for judgment in its favor declaring (i) that TIG/North River and Gray are jointly and severally liable to pay and indemnify Eagle for damages, costs, expenses and defense fees associated with the asbestos lawsuits; (ii) that TIG/North River and Gray are jointly and severally liable to defend Eagle in the asbestos lawsuits; (iii) that TIG/North River and Gray have breached their contractual obligations to Eagle; (iv) that the coverages provided by TIG/North River and by Gray have not been exhausted; and (v) that TIG/North River and Gray have engaged in bad faith insurance practices, and awarding Eagle penalties, attorney's fees and costs for such practices.  *See id.*, Prayer for Relief, (b) - (f).  Eagle avers that this Court has subject matter jurisdiction over the cross-claim (and the counterclaim) pursuant to 28 U.S.C. § 1367.  *See* Counterclaim and Crossclaim, ¶ 7.

In response, Gray filed the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) that is now before the Court.  In its motion, Gray submits that the Court must dismiss Eagle's claims against Gray for two reasons:  First, Gray postulates that, because the Court lacks subject matter jurisdiction over TIG/North River's claims against Gray, Eagle may only assert a third-party demand against Gray; and any such third-party demand must be dismissed because the claim fails to satisfy Rule 14's requirement of contribution or indemnity.  Second, Gray suggests that this Court is without subject matter jurisdiction because there does not exist any independent basis for jurisdiction for those claims, nor does there exist supplemental jurisdiction under 28 U.S.C. § 1367, as the claims do not arise out of the same transaction or occurrence or case or controversy as the main claim.  Eagle opposes Gray's motion.

## II.  **LAW AND ANALYSIS**

As set forth above, defendant Gray characterizes its motion to dismiss as arising under Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction, and Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted.  A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.  *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  The burden of proof on a motion to dismiss under Rule 12(b)(1) is on the party asserting jurisdiction.  *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).  Additionally, a party is entitled to dismissal under Rule 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted.

A motion to dismiss pursuant to Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6).  *See Home Builders Ass'n*, 143 F.3d at 1010; *Benton v. United States*, 960 F.2d 19, 20 (5th Cir. 1992).  When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court accepts as true all well-pleaded allegations in the complaint, and views them in the light most favorable to the plaintiff.  *See Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir.), *cert. denied*, 476 U.S. 1159, 106 S. Ct. 2279 (1986).   A Rule 12(b)(6) motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief.  *See Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957); *Home Builders Ass'n*, 143 F.3d at 1010 (applying standard in context of Rule 12(b)(1)).  The Fifth Circuit has noted that dismissal for failure to state a claim is disfavored and will be appropriate only in rare circumstances. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)(internal citations omitted).

A.      **Rule 12(b)(1):  Lack of Subject Matter Jurisdiction**

Eagle's cross-claim against Gray is brought pursuant to Rule 13(g) of the Federal Rules of Civil Procedure.  Rule 13(g) permits a party to plead as a cross-claim any claim "against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action."  Fed. R. Civ. P. 13(g).  It is well-established that supplemental jurisdiction extends to cross-claims properly asserted under Rule 13(g).  *See Travelers Ins. Co. v. First Nat'l Bank*, 675 F.2d 633, 638 (5th Cir. 1982).  A non-diverse cross-claim is supplemental in nature if it arises out of the same "core of operative facts" as does the diverse claim, and bears a "logical relationship" to that claim.  *Id.*  Stated otherwise, a claim satisfying the "transaction or occurrence" test of Rule 13(g) also satisfies the elements of supplemental jurisdiction under 28 U.S.C. § 1367.  *Id.*

In the case at bar, the Court finds that Eagle has asserted a proper cross-claim against Gray pursuant to Rule 13(g), thereby conferring supplemental jurisdiction over the cross-claim. Through its cross-claim, Eagle seeks a declaratory judgment relative to numerous issues, including those surrounding the rights and obligations owed by Gray under its insurance policy issued to Eagle (No. GA-10111); whether Gray has breached any contractual obligations owed to Eagle; and whether Gray acted in bad faith in its failure and/or refusal to pay defense and/or indemnity costs. A review of the Complaint, as amended, indicates that TIG/North River's claims against Eagle and Gray are premised on an insurance coverage dispute involving all three parties, and their rights, duties and obligations relative to several policies issued by TIG/North River and Policy No. GA-10111 issued by Gray.  *See* First Amended and Supplemental Complaint, ¶¶ 24-28; Second Amended and Supplemental Complaint, ¶¶ 24-29 (Rec. Doc. No. 29).  Eagle's cross-claim thus

meets the requirements of Rule 13(g) because it is "by one party against a co-party arising out of the same transaction or occurrence [*i.e.*, the coverage dispute] that is the subject matter ... of the original action."  Fed. R. Civ. P. 13(g).

Moreover, while the cross-claim and the claims of the main action are based on the same set of operative facts, they also bear a logical relationship.   *See Travelers*, 675 F.2d at 638.  For instance, any determination as to the rights and obligations, if any, owed Eagle under the TIG/North River policies will necessarily impact the determination of whether Gray acted in bad faith in failing and/or refusing to pay Eagle's claims, and *vice versa*.

Whereas here Eagle has properly stated a cross-claim against a co-defendant under Rule 13(g), the Court may properly exercise § 1367 supplemental jurisdiction over the cross-claims.  The Court therefore has subject matter jurisdiction over Eagle's cross-claim against Gray.

**B.**     **Rule 12(b)(6):  Failure to State a Claim**

Gray's argument here is based primarily on the pleadings as they existed prior to TIG/North River seeking leave to file the First Supplemental and Amended Complaint.  Essentially, Gray argues that, if there is no claim against it in the main demand, Eagle may only bring claims against it as provided in Fed. R. Civ. P. 14, which governs third party practice.  *See* Fed. R. Civ. P. 14 ("[a]t any time after commencement of the action a defending party, as a third-party plaintiff, may cause summons and complaint to be served upon a [non-party] who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.").  Based on the foregoing, Gray argues that Eagle's claims against it do not satisfy Rule 14's requirement that a third-party claim must be one for contribution or indemnity.

Having reviewed the record and the applicable law, the Court finds Gray's Rule

12(b)(6) motion to be without merit. Plaintiffs have filed a Supplemental and Amended Complaint, as well as a Second Supplemental and Amending Complaint, seeking a declaratory judgment in its favor and against defendants Eagle and Gray. To date, Gray has answered both Complaints, and has not contested this Court's subject matter jurisdiction over the main demand, as amended. (Rec. Doc. No. 41). Based on the foregoing and for the reasons set forth above, Eagle's claims against Gray are properly brought as a cross-claim under Rule 13(g), and should not be analyzed under the standards governing third-party demands filed pursuant to Rule 14. Thus, Gray's motion to dismiss brought pursuant to Rule 12(b)(6) for failure to state a claim, based on Eagle's "improper use" of Rule 13(g), must be denied.

### III.  CONCLUSION

For all the foregoing reasons, **IT IS ORDERED** that the Motion to Dismiss filed by defendant The Gray Insurance Company is **DENIED**.

New Orleans, Louisiana, this __27th__ day of July, 2005.

$\qquad$_____
**KURT D. ENGELHARDT
United States District Judge**